UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

YUNJIAN LIN, et al.,

                Plaintiff,

     -against-

LA VIE EN SZECHUAN RESTAURANT
CORP., et al.,

                Defendants.
-------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: _2/11/20_

15cv09507 (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

On February 7, 2020, following a bench trial of this wage-and-hour case, the Court made

detailed findings of fact and conclusions of law on the record. The Court found that plaintiffs

Yunjian Lin ("Lin") and Yu Huang ("Huang") (collectively, "Plaintiffs") had both established

the liability of defendants La Vie En Szechaun Restaurant Corp., Savour Sichuan Inc., and Yi

Zhang (collectively, for purposes of this Order, "Defendants") for violations of the New York

Labor Law, for which Plaintiffs were entitled to judgment in their favor. In particular, the Court

found that Plaintiffs were entitled to judgment for unpaid overtime and spread-of-hours

compensation, liquidated damages on all unpaid wages, penalties for Defendants' failure to

provide them with required wage notices and regular wage statements, and prejudgment interest.

The Court reserved ruling on the amount of attorneys' fees and litigation costs to which Plaintiffs

would also be entitled.

In its rulings from the bench, the Court explained the manner in which it had calculated

each element of Plaintiffs' damages. After it made its rulings, it asked the parties' counsel if

either wished to respond, and Plaintiffs' counsel objected to one aspect of the Court's

calculations – specifically, the fact that the Court had determined that Huang should be awarded

only the overtime premium (*i.e.*, half of his regular hourly rate of pay, as determined by the Court), rather than full overtime pay (*i.e.*, compensation at one and one-half times his regular hourly rate), with respect to one-half hour per week that the Court found Huang had worked in excess of the number of hours that had been agreed between him and Defendants at the time he was hired. On the record, the Court overruled Plaintiffs' counsel's objection, but, upon further reflection, the Court now *sua sponte* reconsiders that objection, and sustains it as correct under the law. *See Moon v. Kwon*, 248 F. Supp. 2d 201, 233 (S.D.N.Y. 2002).

Applying the same formulas as the Court described in its oral findings, with the exception of the correction for the rate to be awarded to Huang for the one-half hour per week (which affects only the overtime and liquidated damages calculations), yields the following amounts of damages for each plaintiff, exclusive of prejudgment interest, attorneys' fees, and costs:

|  | **Plaintiff Lin** | **Plaintiff Huang** |
|---|---|---|
| Unpaid overtime | $2,936.44 | $6,552.24[1] |
| Unpaid spread-of-hours pay | $1,248.00 | $2,542.50 |
| Liquidated damages | $4,184.44 | $9,094.74 |
| Wage notice violations | $1,300.00 | $5,000.00 |
| Wage statement violations | $2,500.00 | $5,000.00 |
|  | **Total: $12,168.88** | **Total: $28,189.48** |

---

[1] The revision to the amount of Huang's unpaid overtime has been specifically calculated as follows: Huang's regular rate of pay was $12.69/hour. Therefore, the premium he should have been paid for the overtime hours he agreed to work was $6.35/hour (representing half of his regular rate). He agreed to work 20 hours per week of overtime for which he was not paid that premium, over the course of 48 weeks of employment. Thus, for that time, he is entitled to recover overtime premiums in the amount of $6,096 (*i.e.*, $6.35/hour x 20 hours/week x 48 weeks). In addition, the Court has found that Huang actually worked another half hour of overtime each week during his employment, beyond what the parties initially agreed that he would work. For that time, he is entitled to be paid at the full overtime rate of $19.01/hour (representing one and one-half times his regular rate), for an additional $456.24 (*i.e.*, $19.01/hour x 0.5 hours/week x 48 weeks). Adding $6,096 and $456.24 yields a total of $6,552.24 in unpaid overtime compensation.

2

Although the Court made certain prejudgment interest calculations as part of its oral rulings, it will recalculate such interest (using the same methodology as it explained on the record) at the time it enters final judgment, so that the interest will run up to that time.

As stated on the record, if the parties are able to stipulate to a reasonable award of attorneys' fees and costs, then they should submit their stipulation by February 14, 2020. If they are unable to agree on the amount of fees and costs that would be reasonable, then Plaintiffs' counsel is directed to submit a fee application by February 21, 2020.

Dated: New York, New York
      February 11, 2020

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)

3