UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUAJIAN LIN, et al.,

                            Plaintiffs,

-against-                                   15cv09507 (DF)

LA VIE EN SCHEZUAN RESTAURANT            **MEMORANDUM**
CORP., et al.                                                **AND ORDER**

                            Defendants.

**DEBRA FREEMAN, United States Magistrate Judge:**

In January 2020, this Court conducted a bench trial in the above-captioned wage-and-hour case, which is before this Court on consent pursuant to 28 U.S.C. § 636(c). Following the trial, the Court found that plaintiffs Yunjian Lin ("Lin") and Yu Huang ("Huang") (collectively, "Plaintiffs") were entitled to judgment in their favor under the New York Labor Law ("NYLL") against defendants La Vie En Szechuan Restaurant Corp. ("La Vie En Szechuan"), Savour Sichuan Inc. ("Savour Sichuan"), and Yi Zhang ("Zhang") (collectively, for purposes of this Memorandum and Order, "Defendants").[1] As stated on the record at trial, and reiterated in the Court's February 11, 2020 Order (Dkt. 117), the Court directed the parties to attempt to stipulate to the amount of attorneys' fees and costs to be awarded to Plaintiffs in connection with the judgment, and further instructed Plaintiffs that, if no agreement could be reached, then they

---

[1] Plaintiffs have moved for entry of a default judgment against defendant Zhong Qing Wang ("Wang"), who did not appear to defend this case at trial. (Dkt. 118.) The Court has given Wang until April 27, 2020 to respond to Plaintiffs' motion. (Dkt. 132.) If the Court determines that a default judgment against Wang is warranted, then it will separately address any attorneys' fees or costs that may be recoverable as against Wang, upon a separate application by Plaintiffs setting out the time spent by counsel with respect to the pursuit of Plaintiffs' claims against him. (*See* Dkt. 127, at 4.)

should submit a fee application. On February 24, 2020, Plaintiffs filed a letter motion seeking leave to file a motion for attorneys' fees (Dkt. 123), even though the Court had already granted Plaintiffs leave to file such a motion, and although Plaintiffs apparently intended their submission to constitute a complete fee application (*see id.* (attaching a substantive attorney declaration, a copy of counsel's contemporaneous time records, and a memorandum of law)). On March 5, 2020, Defendants filed an attorney declaration in opposition to Plaintiff's application. (Dkt. 126.) Defendants do not dispute that Plaintiffs are entitled to attorneys' fees and costs, but they argue that the amounts Plaintiffs seek are "excessive and unreasonable." (*See id.*) Plaintiffs have made no further submission in reply.

Having reviewed Plaintiffs' counsel's requested hourly rates and time records, the Court finds that, in connection with the judgment to be entered against defendants La Vie En Szechuan, Savour Sichuan, and Zhang, Plaintiffs are entitled to recover $41,681.81 in attorneys' fees and costs.

## DISCUSSION

### I. APPLICABLE LEGAL STANDARDS

"Under both the FLSA and the NYLL, a prevailing plaintiff may recover [his or] her reasonable attorney's fees and costs." *Najnin v. Dollar Mountain, Inc.*, No. 14cv5758, 2015 WL 6125436, at *4; 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a). The Court has discretion to determine the amount of attorneys' fees that would be appropriate to satisfy a fee award. *See Barfield v. New York City Health & Hosp. Corp.*, 537 F.3d 132, 151-52 (2d Cir. 2008).

As a general matter, the "starting point" in analyzing whether claimed attorneys' fees are appropriate is "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir.

2011).  The party seeking fees bears the burden of demonstrating that its requested fees are reasonable, and must provide the Court with sufficient information to assess the fee application.  *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

An attorney's hourly rate is considered reasonable when it is "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Blum*, 465 U.S. at 895 n.11.  Although the fee applicant has the burden of demonstrating prevailing market rates for comparable work, the Court may also apply its "own knowledge" of rates charged in the community in assessing the reasonableness of the rates sought.  *Broome v. Biondi*, 17 F. Supp. 2d 230, 237 (S.D.N.Y. 1997); *Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987).  When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, it is within the Court's discretion to reduce the requested rate.  *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998).

Where the requested amount of fees is excessive because the number of stated hours is greater than that which should have been required for the work produced, the Court should reduce the stated hours accordingly.  *See Seitzman v. Sun Life Assurance Co. of Canada*, 311 F.3d 477, 487 (2d Cir. 2002).  In determining whether an excessive amount of time was expended on the matter, the Court may consider, *inter alia*, the nature and quality of the work submitted by counsel in connection with the litigation, and whether the work was complicated or straightforward.  *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998); *Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, No. 13cv3061 (JGK), 2014 WL 2624759, at *6 (S.D.N.Y. June 10, 2014).

In addition to the lodestar amount, attorneys' fees may include "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (citation omitted). These expenses, or "costs," may include photocopying, travel, telephone costs, and postage, as well as filing fees and reasonable process-server fees. *Kuzma v. Internal Revenue Serv.*, 821 F.2d 930, 933-34 (2d Cir. 1987); *Rosendo v. Everbrighten Inc.*, No. 13cv7256 (JGK) (FM), 2015 WL 1600057, at *9 (S.D.N.Y. Apr. 7, 2015), *report and recommendation adopted*, 2015 WL 4557147 (July 28, 2015).

## II. PLAINTIFF'S FEE APPLICATION

In their motion, Plaintiffs seek an award of $91,163.64, representing $87,385.33 in attorneys' fees incurred by the firm of Troy Law, PLLC ("Troy Law" or the "Firm") and $3,778.31 in costs. (*See* Declaration of John Troy, Esq., in Support of Motion for Attorneys' Fees and Costs, dated Feb. 24, 2020 ("Troy Decl.") (Dkt. 123-2), at 23.) Counsel's time records indicate that Troy Law expended a total of 248.94 hours on this case. (*See id.*) As stated above, Defendants do not dispute that Plaintiffs are entitled to attorneys' fees and costs pursuant to the provisions of the NYLL discussed above. (*See* Declaration of Ricardo Morel, Esq., in Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs, dated Mar. 5, 2020 ("Morel Decl.") (Dkt. 126) ¶ 2.) Rather, Defendants contend that the fees demanded by Plaintiffs are excessive because they are based on above-market hourly rates. (*See id.* ¶¶ 7-8.) Furthermore, Defendants point to some costs that they see as inflated. (*See id.* ¶ 15.)

Based on its review of Plaintiffs' counsel's Declaration and Troy Law's time records, the Court finds that the number of hours that Troy Law billed to this case was reasonable and that

Plaintiffs are generally entitled to compensation for those hours, but that they are not entitled to compensation at the hourly rates they propose.

   A.   **Reasonable Rates**

Plaintiffs were represented in this action by John Troy, Esq. ("Troy"), the principal of Troy Law, as well as (according to Troy) by the following other attorneys and staff employed by the Firm: George Kibum Byun ("Byun"), Aaron Schweitzer ("Schweitzer"), William Lou ("Lou"), Preethi Kilaru ("Kilaru"), Maggie Huang ("Ms. Huang"), Bella Ho ("Ho"), and Tiffany Troy ("Ms. Troy"). (*See* Troy Decl. ¶ 58.) The Court will consider each of these individuals' backgrounds and hourly rates in turn.

   1.   **John Troy**

Troy is a partner in Troy Law and is also the firm's principal. (*Id.* ¶ 14.) Troy was admitted to the bar in 1989 and, since opening his own firm, he has specialized in wage-and-hour cases like this one. (*See id.* ¶¶ 14-15.) Troy states in his Declaration that Troy Law is "one of the largest firms [by] case load," and he lists hundreds of wage-and-hour cases in which he is currently counsel of record. (*Id.* ¶¶ 17-20.) Finally, Troy notes that, in at least one case, he was previously awarded an hourly rate of $550, and Troy is seeking that same rate in this action. (*Id.* ¶¶ 24-25.)

This Court does not credit Troy's implicit suggestion that he is generally awarded a rate of $550 per hour and will not award him that rate. Although the Court acknowledges that one court, in the District of New Jersey, allowed Troy to recover attorneys' fees based on an hourly rate of $550, that court did not cite to any other cases in which Troy had been awarded that rate, and, in fact, the attorneys in the cases cited by the court were awarded significantly less than $550 per hour. (*See id.* ¶ 24 (citing *Zhang v. Chongqing Liuyishou Gourmet NJ Inc.*, Civil

5

Action No. 18-10359 (CCC), 2019 WL 6318341, at *4 (D.N.J. Nov. 26, 2019)).) Indeed, courts in this District have recently determined that a reasonable rate for senior attorneys handling wage-and-hour cases, in this market, typically ranges from $300 to $400 per hour. *See Shanfa Li v. Chinatown Take-Out Inc.*, No. 16cv7787 (JCM), 2019 WL 3715086, at *6 (S.D.N.Y. Aug. 7, 2019) ("[L]itigators and partners [with Troy's experience] are commonly awarded between $300 and $400 per hour in FLSA cases within the Southern District of New York." (collecting cases)); *accord Guo v. Tommy's Sushi, Inc.*, No. 14cv3964 (PAE), 2016 WL 452319, at *5 (S.D.N.Y. Feb. 5, 2016).

The question of where, within that general range, Troy's rate, in particular, should fall has been addressed by a few courts within this Circuit. In a few recent cases in the Eastern District of New York, courts have approved a rate of $375 per hour for Troy's work. *See Singh v. A & A Market Plaza, Inc.*, No. CV 15-7396 (AKT), 2019 WL 4861882, at *9 (E.D.N.Y. Sept. 30, 2019) (reducing rate of $450/hour requested by Troy to $375/hour); *Suarez Castaneda v. F&R Cleaning Servs. Corp.*, No. 17-cv-7603 (SJ) (PK), 2019 WL 5694118, at *15 (E.D.N.Y. Mar. 15, 2019) (recommending that Troy be awarded reduced rate of $375/hour), *report and recommendation adopted*, 2019 WL 5693768 (July 8, 2019); *Zhong Fa Qin v. Sensation Neo Shanghai Cuisine, Inc.*, No. 15-CV-6399 (KAM), 2018 WL 4853041, at *3 (E.D.N.Y. Oct. 4, 2018) (adopting report and recommendation and modifying on other grounds) (awarding Troy $375/hour). On the other hand, there are cases in both this District and the Eastern District in which courts have awarded Troy fees at the very low end of the identified range (*i.e.*, at the rate of $300 per hour), based on the poor quality of his work in those cases. For example, courts have reduced Troy's requested rate to $300 per hour in cases where Troy's performance at trial demonstrated a lack of skill and/or professionalism. *See Hui Luo v. L & S*

*Acupuncture, P.C.*, No. 14 Civ. 1003 (BMC), 2015 WL 1954468, at *2 (E.D.N.Y. Apr. 29, 2015) (noting that court could not justify a rate for Troy in excess of $300 per hour, where, *inter alia*, "[t]he trial was very rough in terms of demonstrating Mr. Troy's ability to formulate questions according to the rules of evidence"), *aff'd*, 649 F. App'x 1 (2d Cir. 2016); *Shanfa Li*, 2019 WL 3715086, at *6 (noting that "Mr. Troy's conduct during trial was lacking," and that he "repeatedly interrupted the Court, was disrespectful, and struggled to pose clear questions," warranting a reduction in his requested rate to $300/hour); *see also Guo v. Tommy's Sushi, Inc.*, No. 14cv3964 (PAE), 2016 WL 452319, at *5 (S.D.N.Y. Feb. 5, 2016) (awarding Troy $300/hour); *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13cv6667 (PAE), 2015 WL 5122530, at *3 (S.D.N.Y. Aug. 31, 2015) (awarding Troy $300/hour).

This Court agrees that an hourly rate in the range of $300 to $400 is generally an appropriate rate for an attorney with a similar level of experience to Troy, engaged in FLSA and NYLL litigation in this Court. In determining the particular rate that would be appropriate to award him in this case, the Court notes that Troy did not personally conduct the trial or appear at any pre-trial conferences in the action, instead delegating a junior associate to handle all such appearances. As Troy is the principal of Troy Law, however, and is responsible for the work of his associates, it is fair to consider both how this case was managed from its inception and how the trial itself was conducted in determining a reasonable hourly rate for his work.

In that regard, the Court notes that the pre-trial management of this case by Troy Law was uneven at best, leading to a trial that was marked by inadequate preparation and organization. Even when the case was supposedly trial ready, the Court discovered problems in its development and posture, as plaintiff Huang had opted into the case with respect to his FLSA claims, but counsel had never sought leave to amend the pleading to add his NYLL claims

7

(which Huang nonetheless wished to present at trial), and as the Docket reflected that Defendants had actually *never answered* the operative complaint. Although the latter problem demonstrates neglect on Defendants' part, Plaintiffs nevertheless had a responsibility to ensure that their case was actually ready for trial, and it was not. Plaintiffs apparently did not even realize that either of these particular problems existed; rather, the Court raised (and researched) the issues itself, ultimately allowing Plaintiffs to present evidence on Huang's NYLL claims, and to move to amend their Second Amended Complaint, on the record, to conform to the evidence adduced at trial, *see* Fed. R. Civ. P. 15(b)(2), and permitting Defendants to file an untimely Answer, immediately before trial (*see* Dkt. 109).

As for the trial itself, the Court learned, in the middle of a cross-examination, that Troy Law had misrepresented the content of a witness affidavit (which had been submitted in lieu of live direct testimony). Specifically, counsel had represented to the Court that two sworn versions of the affidavit (one that was in English only and another that was in both Mandarin and English) were substantively identical, when they apparently were not. Upon discovering the discrepancy, the Court essentially had to pause the trial and take the testimony of Ms. Troy – who had prepared the Mandarin translation – in order to understand why the versions differed. The trial was also unnecessarily prolonged because Plaintiffs' counsel could not make plaintiff Huang available until after 3:00 p.m. on any day – a problem that was not flagged in advance for either Defendants or the Court.

Additionally, the Court raised important legal and evidentiary issues *sua sponte*, and expended its own time and effort to understand those issues because Plaintiffs had failed to raise or brief them. As just one example, both parties took testimony from several witnesses regarding how many meal breaks Plaintiffs had each day and whether Defendants had provided them with

8

food during those breaks, but Plaintiffs had made no argument that they were entitled to have a "meal credit" factored into their wages, or pointed to any other reason why this testimony regarding Plaintiffs' meals was legally relevant. Although this issue was raised by the Court with Plaintiffs' counsel early in the trial, counsel addressed it only in a post-trial brief, which was filed close to midnight the night before the day on which the Court had announced that it would make its findings of fact and conclusions of law on the record, and over a week after the trial had ended. (*See* Dkt. 116.)

Overall, the Court finds that, as the head of Troy Law and the attorney responsible for the conduct of the case, Troy's performance exhibited certain failings. For this reason, although the Court will not go to the very lowest end of the range identified by other courts in this Circuit as reasonable for an attorney with Troy's level of experience, in his area of practice, it finds that an appropriate rate for Troy in this case is $325 per hour.

### 2. **George Kibum Byun**

According to Troy, Byun is a "managing associate" at Troy Law. (Troy Decl. ¶ 26.) Byun graduated from law school in 2015 and was admitted to the New York bar that same year. (*Id.*) He has been working at Troy Law for over three years and has handled many wage-and-hour cases. (*See id.* ¶¶ 26-28.) Plaintiffs request that Byun's fees be calculated at an hourly rate of $350. (*Id.* ¶ 29.)

This rate, however, is far above the market rate for associates with Byun's experience. In the last couple of years, courts have awarded Byun an hourly rate between $150 and $200, *see, e.g.*, *Singh*, 2019 WL 4861882, at *9; *Zhong*, 2018 WL 4853041, at *3; *Shanfa*, 2019 WL 3715086, at *6, and Byun apparently worked on this case earlier in his career. Here, the Court finds that an hourly rate of $160 would be reasonable to compensate Plaintiffs for Byun's work.

9

### 3. <u>Aaron Schweitzer</u>

Schweitzer is also represented to be a "managing associate" at Troy Law. (Troy Decl. ¶ 30.) He graduated in 2016, was admitted to the New Jersey bar in 2017, and was admitted to the New York bar in 2018. (*Id.*) Like Troy, Schweitzer has been involved in the litigation of many wage-and-hour cases, which are listed or described in Troy's Declaration. (*See id.* ¶¶ 30-36.) Plaintiffs seek to recover fees for Schweitzer's work at the rate of $350 per hour, the rate that he was awarded in the *Zhang* case in the District of New Jersey (the same case in which Troy was awarded his requested rate of $550 per hour). (*See id.* ¶¶ 37-38.)

The Court declines to award Schweitzer his requested rate for the same reasons it declines to award Troy his requested rate of $550 per hour. Aside from the *Zhang* case, courts in this Circuit have generally awarded Schweitzer an hourly rate of $100 or $150, consistent with his status as a relatively junior associate. *See, e.g.*, *Singh*, 2019 WL 4861882, at *9; *Zhong*, 2018 WL 4853041, at *3; *Suarez*, 2019 WL 5694118, at *15; *Shanfa*, 2019 WL 3715086, at *6. Moreover, the less-than-exemplary conduct in managing the trial in this action, described above, was largely attributable to Schweitzer, as, despite Troy's presumed oversight, Schweitzer was the attorney from the Firm who apparently authored most – if not all – of the trial-related submissions to the Court, who apparently undertook most of Plaintiffs' trial preparation efforts (including the preparation of the inaccurate affidavit mentioned earlier and the later misrepresentation to the Court regarding its contents), and who actually tried the case on Plaintiffs' behalf. (*See* Dkt. 116.) Given the issues identified above, this Court finds that a reasonable rate for Schweitzer, in this particular case, is $125 per hour.

#### 4. William Lou

Troy's Declaration describes Lou as a "clerk" and states that he graduated from law school in May 2016 and joined Troy Law in October of that year. (Troy Decl. ¶¶ 39, 41.) The Court understands the "clerk" designation to be used by Troy Law to describe an attorney who has not been admitted to any state's bar, and, indeed, Troy gives no indication in his Declaration that Lou is a member of the bar of the Southern District of New York or of any other court. Troy also does not describe Lou as having had any relevant litigation experience prior to being employed by the Firm. (*See id.* ¶¶ 39-43.) Although Plaintiffs request that Lou's fees be calculated at an hourly rate of $200 (*id.* ¶ 43), they have not justified that rate.

The Court notes that it is commonly understood in the legal community that attorneys who are not members of the bar command a lower rate than those who are, and attorneys who are not admitted to the bar have been awarded around $80 per hour in other cases. *See, e.g.*, *Zhong*, 2018 WL 4853041, at *3. Based on the limited information that Plaintiffs have provided regarding Lou's level of skill and experience, the Court finds that $80 per hour is an appropriate rate to compensate Plaintiffs for his work on this case.

#### 5. Preethi Kilaru

Plaintiffs ask to recover $200 per hour for the work of Kilaru on this case, but they never even state the position that Kilaru held at Troy Law. Rather, in his Declaration, Troy states only that Kilaru has an LLM degree and has worked with the Firm since April 2018. (*See* Troy Decl. ¶ 48.) In a District of New Jersey case, *Zhang*, Kilaru was awarded an hourly rate of $150 for "[p]aralegal [w]ork." *Zhang*, 2019 WL 6318341, at *4. This Court finds that rate to be too high for a paralegal (if that is, in fact, the position Kilaru holds), and, in light of the fact that the Court

should not have to guess at her position with Troy Law, the Court will only approve compensation for Kilaru's work at the rate of $70 per hour.

### 6. Maggie Huang

Ms. Huang is a certified public accountant at Troy Law and has been working in that field since 1991. (Troy Decl. ¶¶ 45-46.) Although Plaintiffs seek to recover for Ms. Huang's time at the rate of $150 per hour (*id.* ¶ 58), Plaintiffs note that Ms. Huang was recently awarded an hourly rate of $100 in another case (*id.* ¶ 47 (citation omitted)), and that was also the rate awarded to her in *Shanfa*, 2019 WL 3715086, at *6. Based on these cases and Ms. Huang's experience, the Court is satisfied that $100 per hour is an appropriate hourly rate for her work on this matter.

### 7. Bella Ho

Troy's Declaration contains no section relating to Ho, and absolutely no information regarding her position or experience. Accordingly, the Court finds that Plaintiffs have not met their burden of demonstrating that they are entitled to recover any fees for her work on this case.

### 8. Tiffany Troy

According to Troy, Ms. Troy acts as a Mandarin interpreter and translator for Troy Law, and it appears she has done so since sometime in 2019. (*See* Troy Decl. ¶ 54.) Ms. Troy translated Plaintiffs' affidavits in this case and was called by the Court to testify regarding her translations. Courts in this District have awarded between $50 and $150 for interpreter or translator services, *see Lora v. J. V. Car Wash, LTC*, No. 11cv9010 (LLS) (AJP), 2015 WL 4496847, at *17 (S.D.N.Y. July 24, 2015) (citing cases), *report and recommendation adopted*, 2015 WL 7302755 (Nov. 18, 2015), and, in this case, Plaintiffs seek fees at the rate of $150 per hour for Ms. Troy.

The Court notes, however, that, in her trial testimony, Ms. Troy described herself as a student who gives some of her time to helping out her family's Firm; testified to having some difficulties with written translations (as she primarily provided oral interpreting services); and conceded that there were errors in the written translations she provided in this case. Under the circumstances, and in light of Ms. Troy's limited level of skill and experience, the Court will award her an hourly rate of $50.

   B.   **Reasonable Hours**

In support of Plaintiffs' request for attorneys' fees, Troy Law has provided the Court with a copy of its time records, which appear to have been maintained contemporaneously during the course of the litigation, and which show the billable hours counsel expended during this action. (Troy Decl., Ex. 3.) Defendants raise no specific objections to the reasonableness of the claimed hours, but the Court has nonetheless exercised its discretion to review the submitted time records. Having done so, it finds that no reductions are necessary, except to reduce the total by the time spent, and any costs incurred, solely with respect to counsel's seeking a default judgment against defendant Wang (*see id.*, at 10), as any such fees and costs are not fairly assessed against those defendants who appeared and litigated the case. Apart from that, this Court has checked counsel's calculations and has confirmed the number of hours incurred, as set out in the chart below.

   C.   **Lodestar Calculation**

Based on the foregoing, the Court calculates the lodestar in this case as follows:

| Time-Keeper | Hourly Rate (as modified by the Court) | | Hours Billed | | Total |
|---|---|---|---|---|---|
| John Troy | $325/hr | x | 45.71 hrs | = | $14,855.75 |
| George Byun | $160/hr | x | 63.41 hrs | = | $10,145.60 |
| Aaron Schweitzer | $125/hr | x | 83.35 hrs | = | $10, 418.75 |
| William Lou | $80/hr | x | 15.32 hrs | = | $1,225.60 |
| Preethi Kilaru | $70/hr | x | 10.80 hrs | = | $756.00 |
| Maggie Huang | $100/hr | x | 1.60 hrs | = | $160.00 |
| Tiffany Troy | $50/hr | x | 9.60 hrs | = | $480.00 |
| | | | | | **$38,041.70** |

The Court finds no reason to diverge from the lodestar in this case, and accordingly finds that, as against defendants La Vie En Szechuan, Savour Sichuan, Zhang, jointly and severally, Plaintiffs are entitled to recover **$38,041.70** in attorneys' fees.

### D. Costs

Plaintiffs additionally seek litigation costs, in the amount of $3,778.31, for filing and service fees, fees associated with ordering transcripts, trial-related printing costs, and the cost of having an interpreter at trial. (Troy Decl., Ex. 3, at 10.) Plaintiffs' litigation costs are adequately delineated in counsel's contemporaneous billing records, and this Court finds the requested costs to be reasonable and compensable. *See, e.g.*, *Apolinario v. Luis Angie Deli Grocery Inc.*, No. 14cv2328 (GHW), 2015 WL 4522984, at *4 (S.D.N.Y. July 27, 2015) (awarding court filing, process server, and transcript fees, as well as fee for Spanish interpreter). Defendants complain that there are three $75 process-server fees for three defendants, even though all three were served on the same person, at the time same, and in the same location – implying that

Defendants are being triple-charged for a single service. (Morel Decl. ¶ 15.) It is entirely possible, however, that a process server would charge Plaintiffs a separate fee for each individual that was to be served, regardless of whether they could all be found in the same place. Therefore, the Court finds no reason to reduce Plaintiffs' cost award on this basis. Furthermore, the Court disagrees with Defendants' suggestion that "[p]ostage [costs] . . . seem unnecessarily excessive" (*see id.*), and finds that Plaintiffs' mailing and printings costs are within an acceptable range. Accordingly, the Court will grant Plaintiffs the award they seek for litigation costs, except those costs that relate exclusively to defendant Wang, totaling **$3,640.11**.

## CONCLUSION

For all of the foregoing reasons, it is hereby ORDERED that, pursuant to N.Y. Lab. Law § 198(1-a) and N.Y. Lab. Law § 663(1), in connection with the judgment in Plaintiffs' favor that this Court will issue in this case as against defendants La Vie En Szechuan, Savour Sichuan, Zhang, Plaintiffs shall be awarded **$41,681.81** in attorneys' fees and costs reasonably incurred by Plaintiffs in pursuing their claims under the NYLL.

The Clerk of Court is directed to close the motion docketed in this action as Dkt. 123, and Plaintiffs are directed to submit a proposed final judgment to the Court, setting out the damages, interest, and attorneys fees and costs to be awarded in Plaintiffs' favor, as against these Defendants, jointly and severally.

Dated: New York, New York
April 9, 2020

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

Copies to:
All counsel (via ECF)

15