UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUAJIAN LIN, et al.,

                                                 Plaintiffs,                      15cv09507 (DF)

                              -against-                        **MEMORANDUM & ORDER**

LA VIE EN SZECHUAN RESTAURANT
CORP., et al.

                                               Defendants.

**DEBRA FREEMAN, United States Magistrate Judge:**

      In January 2020, this Court conducted a bench trial in the above-captioned wage-and-hour case, which is before this Court on consent pursuant to 28 U.S.C. § 636(c). Following the trial, the Court found that plaintiffs Yunjian Lin ("Lin") and Yu Huang ("Huang") (collectively, "Plaintiffs") were entitled to judgment in their favor under the New York Labor Law ("NYLL") against defendants La Vie En Szechuan Restaurant Corp., Savour Sichuan, and Yi Zhang. The trial, however, did not resolve Plaintiffs' claims against defendant Zhong Qing Wang ("Wang"), who had failed to take steps to defend against Plaintiffs' claims and did not appear at trial. Currently before the Court is a motion by Plaintiffs requesting that the Court now strike Wang's Answer to plaintiff Lin's original Complaint in this action[1] and render a default judgment against him. (Dkt. 118.)

---

[1] Plaintiff Wang did not file a notice of consent to join this action as an opt-in plaintiff until after Wang had answered Lin's Complaint. (*See* Dkts. 16, 69.)

On March 6, 2020, the Court issued an Order, describing Wang's continued failures to participate in this action,[2] directing the Clerk of Clerk to enter a default against him under Rule 55(a) of the Federal Rules of Civil Procedure, and directing Wang to show cause, by March 27, 2020, why the Court should not enter a default judgment against him pursuant to Rule 55(b)(2) on (1) plaintiff Lin's claims under the NYLL, (2) plaintiff Huang's claims under the Fair Labor Standards Act (the "FLSA"), (3) Lin's claim for prejudgment interest, and (4) Plaintiffs' claims for attorneys' fees and costs related to the prosecution of their claims against Wang.  (*See* Order To Show Cause, dated Mar. 6, 2020 ("OSC") (Dkt. 127).)  As directed by the Court, Plaintiffs' counsel apparently made diligent efforts to serve a copy of the Order To Show Cause on Wang (*see* Dkt. 131), but Wang did not timely respond to that Order.

Despite Wang's failure to respond, the Court *sua sponte* extended his time to do so to April 30, 2020, in light of the COVID-19 outbreak.  (*See* Order, dated Mar. 30, 2020 (Dkt. 132 (noting that the outbreak may have affected Wang's ability to respond in a timely manner)).)  In accordance with the Court's direction, Plaintiffs apparently made reasonable efforts to serve Wang with that Order as well, by mailing a copy to an address for Wang that had been provided to them by an attorney representing Wang in another matter.  (*See* Dkts. 131, 133.)  Wang, however, has still not responded.

Under the circumstances, it is hereby ORDERED that:

1.      Plaintiffs' motion to strike Wang's Answer (Dkt. 118) is granted; the Clerk of Court is directed to note on the Docket of this action that the Answer that was filed at Dkt. 16 on

---

[2] Specifically, the Court noted that Wang had never responded to the current operative pleading in this case (the Second Amended Complaint); he did not, as instructed by the Court, provide his contact information to the Court after his counsel was granted leave to withdraw; and, according to Plaintiffs' counsel, he did not respond to Plaintiffs' discovery requests.

behalf of all Defendants is stricken as to defendant Wang only; and the Court finds that Plaintiffs are entitled to a default judgment against Wang.

2.      No later than August 10, 2020, Plaintiffs shall serve on Wang and file with the Court Proposed Findings of Fact and Conclusions of Law concerning the damages that Plaintiffs claim are recoverable from Wang upon his default ("Proposed Findings").  Plaintiffs shall include, with such service, a copy of this Order.  Service on Wang shall be made by mail, to the address identified in Plaintiffs' March 25, 2020 letter to the Court.  (Dkt. 131.)

3.      Plaintiffs are reminded that the Court has already determined that, as Wang did not consent to the trial of plaintiff Huang's NYLL claims, and as those claims were not pleaded in the Second Amended Complaint, it would be improper to hold Wang liable, upon his default, on *Huang's NYLL claims*.  (See Dkt. 127.)  Further, the Court notes that Plaintiffs would only be entitled to recover attorneys' fees and costs as against Wang with respect to legal services performed in connection with prosecuting the case *against Wang*.  Plaintiffs' Proposed Findings should therefore be tailored accordingly.

4.      Plaintiffs' Proposed Findings should specifically tie their proposed damages figure(s) to the legal claim(s) on which liability has now been established as against Wang (*i.e.*, on plaintiff Lin's NYLL claims, and on plaintiff Huang's FLSA claims); should demonstrate how Plaintiffs arrived at the proposed damages figure(s); and should be supported by a sworn affidavit, or a declaration under penalty of perjury, that attaches as exhibits and contains an explanation of any documentary evidence that helps establish the proposed damages.  The Court notes that, while it may be appropriate, at this juncture, to cite to the trial transcript or to the Court's post-trial findings in support of Plaintiffs' damages claims, Plaintiffs must still

demonstrate, in their Proposed Findings, how any claimed damages are properly attributable to the conduct of *Wang* (which was not specifically at issue at trial).

5. To the extent that Plaintiffs seeks attorneys' fees and litigation costs, Plaintiffs' submissions should identify, in their contemporaneous attorney time records, those portions that are attributable to the prosecution of the action against Wang (with an explanation as to why they are so attributable), and should similarly explain which costs that are attributable to the same. As the Court has already made findings as to Plaintiffs' counsel's reasonable billing rates for work on this action (*see* Dkt. 134), Plaintiffs' submissions should incorporate those hourly rates.

6. Defendant Wang shall submit a response, if any, to Plaintiffs' submissions no later than September 9, 2020.

7. IF DEFENDANT WANG FAILS TO RESPOND TO PLAINTIFFS' SUBMISSIONS BY SEPTEMBER 9, 2020, THEN THIS COURT WILL PROCEED TO ISSUE A DEFAULT JUDGMENT IN AN AMOUNT DETERMINED BASED ON PLAINTIFFS' WRITTEN SUBMISSION ALONE. FURTHER, THIS COURT WILL NOT HOLD A HEARING ON DAMAGES, UNLESS DEFENDANT WANG REQUESTS A HEARING, IN WRITING, BY SEPTEMBER 9, 2020. *See Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991) (Fed. R. Civ. P. 55(b)(2) "allows but does not require . . . a hearing"); *Fustok v. ContiCommodity Servs. Inc.,* 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.").

8. In light of the rulings herein (*see* ¶ 1, above), the Clerk of Court is directed to close the motion filed at Dkt. 118.

Dated: New York, New York
      July 20, 2020

                                          SO ORDERED

                                          DEBRA FREEMAN
                                          United States District Judge

<u>Copies to</u>:

Plaintiffs' counsel (via ECF)