UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YUNJIAN LIN, et al.,

                        Plaintiffs,

      -against-

LA VIE EN SZECHUAN RESTAURANT CORP., et al.,

                        Defendants.

15cv09507 (DF)

**JUDGMENT**

---

**DEBRA FREEMAN, United States Magistrate Judge:**

The above-captioned case being before this Court on consent of the parties pursuant to 28 U.S.C. § 636(c); and the Court having presided over a bench trial of the claims of plaintiffs Yunjian Lin and Yu Huang (collectively, "Plaintiffs") against defendants La Vie En Szechuan Restaurant Corp. d/b/a/ La Vie En Szechuan, Savour Sichuan Inc. d/b/a Savour Sichuan, and Yi Zhang (collectively, for purposes of the trial and this Judgment, "Defendants");[1] and the Court having made detailed Findings of Fact and Conclusions of Law on the record on February 7, 2020, finding Defendants liable to Plaintiffs for violations of the New York Labor Law; and the Court having then issued a supplemental Order on damages on February 11, 2020, amending its prior findings (Dkt. 117); and the Court having subsequently adjudicated the application made by Plaintiffs, seeking attorneys' fees and costs as against Defendants (*see* Dkt. 134), it is hereby **ORDERED, ADJUDGED, AND DECREED**:

---

[1] Defendant Zhong Qing Wang did not appear at trial, and this Judgment does not apply to Plaintiffs' claims against defendant Wang.

(1)  Plaintiff Yunjian Lin has judgment jointly and severally against defendants La Vie En Szechuan Restaurant Corp. d/b/a/ La Vie En Szechuan, Savour Sichuan Inc. d/b/a Savour Sichuan, and Yi Zhang in the amounts of:

(a)  $14,287.25 in damages under the New York Labor Law (comprised of $2,936.44 in unpaid overtime, $1,248.00 in unpaid spread-of-hours compensation, $4,184.44 in liquidated damages, $1,300.00 for failure to provide required regular wage notices, and $2,500.00 for failure to provide regular wage statements); plus

(b)  prejudgment interest pursuant to N.Y. C.P.L.R. § 5001, on plaintiff Lin's unpaid wages, as calculated by applying the applicable interest rate of nine percent (9%) per annum (as set out in N.Y. C.P.L.R. § 5004):

(i)  to principal of $436.80 in unpaid overtime, from April 15, 2014[2] to the date of entry of judgment, in the amount of $246.53;

(ii)  to principal of $2,499.64 in unpaid overtime, from July 16, 2014 to the date of entry of judgment, in the amount of $1,354.12; and

(iii)  to principal of $1,248.00 in unpaid spread-of-hours pay, from July 1, 2014 to the date of entry of judgment, in the amount of $680.69.

(2)  Plaintiff Yu Huang has judgment jointly and severally against defendants La Vie En Szechuan Restaurant Corp. d/b/a/ La Vie En Szechuan, Savour Sichuan Inc. d/b/a Savour Sichuan, and Yi Zhang in the amounts of:

(a)  $28,189.48 in damages under the New York Labor Law (comprised of $6,552.24 in unpaid overtime compensation, $2,542.50 in unpaid NYLL spread-of-hours

---

[2] All dates used herein for the purpose of calculating prejudgment interest have been found by the Court to be reasonable interim dates for the periods in which the wage violations occurred.

compensation, $9,094.74 in liquidated damages, $5,000.00 for failure to provide required regular wage notices, and $5,000.00 for failure to provide regular wage statements); plus

(b)      prejudgment interest pursuant to N.Y. C.P.L.R. § 5001, on plaintiff Huang's unpaid wages, as calculated by applying the applicable interest rate of nine percent (9%) per annum (as set out in N.Y. C.P.L.R. § 5004):

(i)      to principal of $6,552.24 in unpaid overtime, from October 30, 2015, to the date of entry of judgment, in the amount of $2,788.56;

(ii)     to principal of $1,732.50 in unpaid spread-of-hours pay, from September 7, 2015, to the date of entry of judgment, in the amount of $759.97; and

(iii)    to principal of $810.00 in unpaid spread-of-hours pay, from February 22, 2016, to the date of entry of judgment, in the amount of $321.76.

(3)      Plaintiffs are also awarded $38,041.70 in attorneys' fees and $3,640.11 in costs, for a total of $41,681.81, jointly and severally, from defendants La Vie En Szechuan Restaurant Corp. d/b/a/ La Vie En Szechuan, Savour Sichuan Inc. d/b/a Savour Sichuan, and Yi Zhang.

(4)      Plaintiffs shall be entitled to post-judgment interest pursuant to 28 U.S.C. § 1961. Further, if any amounts remain unpaid upon the expiration of 90 days following the issuance of judgment, or 90 days after expiration of the time to appeal and no appeal is then pending,

whichever is later, then the total amount of the judgment shall automatically increase by 15% percent, as required by NYLL § 198(4).

Dated: New York, New York
      July 21, 2020

                                          SO ORDERED

                                          DEBRA FREEMAN
                                          United States Magistrate Judge

<u>Copies to</u>:

All counsel (via ECF)