UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUNJIAN LIN, et al.,

                                   Plaintiffs,

         -against-

LA VIE EN SZECHUAN RESTAURANT CORP., et al.,

                                   Defendants.

15cv09507 (DF)

**CORRECTED AND AMENDED JUDGMENT**

**DEBRA FREEMAN, United States Magistrate Judge:**

The above-captioned case being before this Court on consent of the parties pursuant to 28 U.S.C. § 636(c); and the Court having presided over a bench trial of the claims of plaintiffs Yunjian Lin and Yu Huang (collectively, "Plaintiffs") against defendants La Vie En Szechuan Restaurant Corp. d/b/a/ La Vie En Szechuan ("La Vie En Szechuan"), Savour Sichuan Inc. d/b/a Savour Sichuan ("Savour Sichuan"), and Yi Zhang ("Zhang"); and the Court having made detailed Findings of Fact and Conclusions of Law on the record on February 7, 2020, finding defendant La Vie En Szechuan, Savour Sichuan, and Zhang liable to Plaintiffs for violations of the New York Labor Law ("NYLL"); and the Court having then issued a supplemental Order on damages on February 11, 2020, amending its prior findings (Dkt. 117); and the Court having subsequently adjudicated the application made by Plaintiffs, seeking attorneys' fees and costs as against these defendants (*see* Dkt. 134); and the Court having issued a Judgment against these defendants on July 21, 2020 (Dkt. 137); and the trial having not resolved Plaintiffs' claims against additional defendant Zhong Qing Wang ("Wang"), who had failed to take steps to defend against Plaintiffs' claims and did not appear at trial; and Plaintiffs having filed a motion on February 13, 2020, requesting that the Court to strike Wang's Answer to the original Complaint

in this action and render a default judgment against him (Dkt. 118); and the Court having issued an Order To Show Cause on March 6, 2020, directing Wang to show cause why the Court should not enter a default judgment against him, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, on plaintiff Lin's claims under the NYLL and plaintiff Huang's claims under the Fair Labor Standards Act ("FLSA") (Dkt. 127); and Wang having failed to respond to the Order To Show Cause, despite the Court's having *sua sponte* extended his time to do so in light of the COVD-19 pandemic (*see* Dkt. 132); and the Court having therefore granted Plaintiffs' motion to strike Wang's Answer and to enter a default judgment against him (Dkt. 136); and Plaintiffs, upon the Court's direction, having proceeded to submit Proposed Findings of Fact and Conclusions of Law, together with a supporting attorney Declaration, regarding the damages, interest, attorneys' fees, and costs that should be awarded in their favor against Wang (Dkts. 138, 139); and Wang having filed no response to those submissions; and the Court having reviewed Plaintiffs' submissions and having found them sufficient to support the requested amounts; it is hereby **ORDERED, ADJUDGED, AND DECREED**:

(1) Plaintiff **Yunjian Lin** has judgment jointly and severally against defendants **La Vie En Szechuan Restaurant Corp. d/b/a/ La Vie En Szechuan, Savour Sichuan Inc. d/b/a Savour Sichuan, Yi Zhang, and Zhong Qing Wang**, in the amounts of:

(a) $12,168.88[1] in damages under the NYLL (comprised of $2,936.44 in unpaid overtime, $1,248.00 in unpaid spread-of-hours compensation, $4,184.44 in

[1] The Judgment originally issued by the Court against defendants La Vie En Szechuan, Savour Sichuan, and Zhang (Dkt. 137) awarded a total of $14,287.25 in damages (not including prejudgment interest) to Lin, but this was a mathematical error; the correct total, based on the same breakdown of damages as is contained in paragraph 1(a) above, should have been $12,168.88. This error is corrected herein.

liquidated damages, $1,300.00 for failure to provide required regular wage notices, and $2,500.00 for failure to provide regular wage statements); plus

   (b)   prejudgment interest pursuant to N.Y. C.P.L.R. § 5001, on plaintiff Lin's unpaid wages, to be calculated by the Clerk of Court by applying the applicable interest rate of nine percent (9%) per annum (as set out in N.Y. C.P.L.R. § 5004):

      (i)   to principal of $436.80 in unpaid overtime, from April 15, 2014[2] to the date of entry of this Amended and Corrected Judgment, in the amount of $254.18,[3] and

      (ii)   to principal of $2,499.64 in unpaid overtime, from July 16, 2014 to the date of entry of this Amended and Corrected Judgment, in the amount of $1,397.88;

      (iii)   to principal of $1,248.00 in unpaid spread-of-hours pay, from July 1, 2014 to the date of entry of judgment, in the amount of $702.53.

   (2)   Plaintiff **Yu Huang** has judgment jointly and severally against defendants **La Vie En Szechuan Restaurant Corp. d/b/a/ La Vie En Szechuan, Savour Sichuan Inc. d/b/a Savour Sichuan, and Yi Zhang** in the amounts of:

   (a)   $28,189.48 in damages under the NYLL (comprised of $6,552.24 in unpaid overtime compensation, $2,542.50 in unpaid NYLL spread-of-hours

---

[2] All dates used herein for the purpose of calculating prejudgment interest have been found by the Court to be reasonable interim dates for the periods in which the wage violations occurred.

[3] All prejudgment interest amounts reflected herein are adjusted from the amounts indicated in the original Judgment, so as to cover the period up to the date of entry of this Corrected and Amended Judgment.

compensation, $9,094.74 in liquidated damages, $5,000.00 for failure to provide required regular wage notices, and $5,000.00 for failure to provide regular wage statements); plus

(b) prejudgment interest pursuant to N.Y. C.P.L.R. § 5001, on plaintiff Huang's unpaid wages, to be calculated by the Clerk of Court by applying the applicable interest rate of nine percent (9%) per annum (as set out in N.Y. C.P.L.R. § 5004):

(i) to principal of $6,552.24 in unpaid overtime, from October 30, 2015, to the date of entry of judgment, in the amount of $2,903.27, and

(ii) to principal of $1,732.50 in unpaid spread-of-hours pay, from September 7, 2015, to the date of entry of judgment, in the amount of $790.30;

(iii) to principal of $810.00 in unpaid spread-of-hours pay, from February 22, 2016, to the date of entry of judgment, in the amount of $335.94.

(3) Of the damages set out in paragraph (2)(a), above, plaintiff **Yu Huang** has judgment jointly and severally against defendant **Zhong Qing Wang** in the amount of $13,104,48 under the FLSA (comprised of $6,552.24 in unpaid overtime compensation, and $6,552.24 in liquidated damages).[4]

(4) Plaintiffs are awarded $10,916.50 in attorneys' fees and $400.00 in costs, jointly and severally, from defendants **La Vie En Szechuan Restaurant Corp. d/b/a/ La Vie En Szechuan, Savour Sichuan Inc. d/b/a Savour Sichuan, Yi Zhang, and Zhong Qing Wang**. Plaintiffs are also awarded an additional $27,125.20 in attorneys' fees and $3,240.11 in costs, jointly and severally, from defendants **La Vie En Szechuan Restaurant Corp. d/b/a/ La Vie**

[4] Although, for the reasons previously explained by the Court (*see* Dkt. 127), plaintiff Huang is only entitled to recover default damages from defendant Wang under the FLSA, and not the NYLL, Huang's unpaid overtime would be calculated the same way under each statute. Under the FLSA, however, Huang is not entitled to recover prejudgment interest from Wang. (*See id.*)

**En Szechuan, Savour Sichuan Inc. d/b/a Savour Sichuan, Yi Zhang**, and an additional $3,132.75 in attorneys' fees and $95.46 in costs from defendant **Zhong Qing Wang**.[5]

(5) Plaintiffs shall be entitled to post-judgment interest pursuant to 28 U.S.C. § 1961. Further, if any amounts remain unpaid upon the expiration of 90 days following the issuance of this Corrected and Amended Judgment, or 90 days after expiration of the time to appeal and no appeal is then pending, whichever is later, then the total amount of the judgment shall automatically increase by 15% percent, as required by NYLL § 198(4).

(6) The Clerk of Court is directed to mail a copy of this Corrected and Amended Judgment to defendant Zhong Qing Wang at the address shown below. This Judgment being final as to all Defendants, the Clerk of Court is also directed to close this action on the Docket of the Court.

Dated: New York, New York
September 30, 2020

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)

Mr. Zhong Qing Wang
4170 Main Street, #133-315
Flushing, NY 11355-3823

[5] Thus, defendants La Vie En Szechuan, Savour Sichuan, and Zhang are liable for a total of $38,041.70 in attorneys' fees and $3,640.11 in costs, while defendant Wang is liable for a total of $14,049.25 in attorneys' fees and $495.46 in costs.